IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH HOLIDAY, )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>RANDSTAD US, L.P., )<br>)<br>　　Defendant. )<br>) | Civil Action File No.<br>_____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Keith Holiday (hereinafter "Mr. Holiday"), by and through undersigned counsel, and hereby files this Complaint for Damages against Randstad US, L.P. ("Randstad"), showing as follows:

## INTRODUCTION

1.

The instant action arises from Randstad's violation of Mr. Holiday's right to minimum wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA").

2.

During the employment of Mr. Holiday, Randstad violated the FLSA by failing to timely pay Mr. Holiday at the legally required minimum wage rate for all

hours worked. As a result, Mr. Holiday is seeking liquidated damages in an amount equal to the untimely compensation, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Randstad is subject to this Court's personal jurisdiction.

## PARTIES

5.

Mr. Holiday resides in Floyd County, Georgia and is a citizen of the United States.

6.

At all times material hereto, Mr. Holiday was a non-exempt "employee" of Randstad for purposes of the FLSA.

7.

At all times material hereto, Mr. Holiday handled, sold, and/or worked with goods or materials that have been moved in or produced for commerce and was thus engaged in commerce during his employment with Randstad.

8.

Randstad, L.P. is a Delaware Limited Partnership with its principal office located at 150 Presidential Way, 4th Floor, Woburn, Massachusetts 01801. Randstad regularly does business in the State of Georgia and may be served through its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

9.

At all times material hereto, Randstad was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

10.

At all times material hereto, Randstad was a non-exempt "employer" of Mr. Holiday for purposes of the FLSA

**FACTUAL ALLEGATIONS**

11.

Randstad employed Mr. Holiday as a temp worker for Big Time Products,

LLC, a third-party client of Randstad, in and around April 2015.

12.

Mr. Holiday worked for Randstad for a total of five pay periods.

13.

Randstad agreed to pay Mr. Holiday at the rate of $8.00 per hour for his services to Big Time Products, LLC.

14.

Randstad compensated Mr. Holiday for his work on Randstad's regular pay date during four of the five pay periods in which Mr. Holiday worked; however, Randstad failed to timely pay Mr. Holiday for the pay period beginning on March 30, 2015 and ending on April 5, 2015.

15.

In the pay period beginning on March 30, 2015 and ending on April 5, 2015, Mr. Holiday worked a total of 34 hours and was thus entitled to $272.00 in wages from Randstad, to be paid on April 9, 2015.

16.

Randstad failed to pay Mr. Holiday on April 9, 2015.

17.

After not receiving his paycheck on Randstad's regular pay date, Mr. Holiday called the local Randstad office multiple times to inquire about the missing check. When those efforts failed, Mr. Holiday next met with Randstad human resources representatives at the Rome, Georgia Randstad office. Although the meeting lasted nearly two hours, ultimately Randstad could not determine what happened to Mr. Holiday's paycheck. At that time, Randstad refused to pay Mr. Holiday the wages owed to him, despite the fact that Mr. Holiday would be left uncompensated entirely for the pay period in question.

18.

As a result of Randstad's refusal to pay Mr. Holiday directly for the 34 hours of uncompensated time, Mr. Holiday had to seek the assistance of undersigned counsel.

19.

On May 27, 2015, in response to efforts to collect Mr. Holiday's unpaid wages, a representative from Randstad's legal department wrote to undersigned counsel stating that Randstad had investigated Mr. Holiday's missing paycheck. Per this communication, Mr. Holiday's pay had been remitted to a pre-paid debit card account on file with Randstad from a previous stent of employment of Mr. Holiday.

This occurred despite the fact that Mr. Holiday had directed Randstad to compensate him via a different method upon his rehire in 2015.

20.

The May 27, 2015 communication from Randstad was the first time Randstad provided any explanation or instruction to Mr. Holiday in relation to his missing paycheck.  Shortly thereafter, Mr. Holiday was able to contact the pre-paid debit card issuer and arrange to have the missing funds sent to him directly.

21.

Mr. Holiday received payment for the 34 hours of uncompensated work over *seven weeks* after the regular pay date for the pay period in question.

22.

As a result of Randstad's delay in paying the wages owed to Mr. Holiday, Mr. Holiday suffered serious financial hardship.

**COUNT ONE:  VIOLATION OF FLSA (UNTIMELY MINIMUM WAGE)**

23.

Mr. Holiday realleges and incorporates Paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

24.

The FLSA provides that every employer shall pay to each covered employee wages at a rate not less than the minimum wage rate of $7.25 per hour.  29 U.S.C. § 206(b).

25.

Liquidated damages under the FLSA are available to an employee if the employer fails to pay wages on the regular pay date or a reasonable time thereafter.  See, e.g. Arroyave v. Rossi, 296 Fed. Appx. 835. (11th Cir. 2008).

26.

As Mr. Holiday was a non-exempt employee for purposes of the FLSA, Randstad was obligated to pay Mr. Holiday at a rate not less than the minimum wage of $7.25 per hour.  Randstad was further obligated to pay Mr. Holiday on the regular pay date for the pay period at issue or a reasonable time thereafter.

27.

Randstad refused to pay Mr. Holiday until Mr. Holiday retained counsel.  Only after undersigned counsel contacted Randstad regarding Mr. Holiday's missing pay did Mr. Holiday receive his wages—approximately seven weeks after the regular pay date for the pay period beginning March 30, 2015 and ending April 5, 2015.

28.

Randstad has not made a good faith effort to comply with the FLSA with respect to Mr. Holiday.

29.

By failing to timely pay Mr. Holiday at the minimum wage rate for each hour worked, despite Mr. Holiday's exhaustive efforts to obtain his wages from Randstad personally, Randstad willfully, intentionally, knowingly, and/or recklessly violated the FLSA.

30.

As a result of Randstad's willful violations of the FLSA, Mr. Holiday is entitled to damages, including, without limitation, liquidated damages, attorneys' fees, and costs pursuant to § 216 of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Holiday prays:

(a)   That Randstad be served with process and required to answer this suit;

(b)   For a trial by a jury;

(c)   For judgment in favor of Mr. Holiday and against Randstad for all damages and relief allowed by law, including but not limited to actual and liquidated damages;

(d)     For an award of litigation expenses and costs, including attorneys' fees; and

(e)     For such other and further relief as this Court deems just and proper.

Respectfully submitted this  17th  day of June, 2015.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
MICHELLE L. WEIN
Georgia Bar No. 385424
*Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com